JOSEPH MORIER *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

## January 5, 1884.

**Railroad Company held not liable for Fire negligently set by Section-men.**—Section-men under the charge of a section-foreman were in the employment of a railroad company in repairing its railroad track. Their work being, on the day in question, distant from their boarding-house, they carried their dinner with them. When they quit work at noon to eat it, they kindled a fire on the company's right of way, for the purpose of warming their coffee. After eating, they resumed work, negligently leaving the fire unextinguished, which subsequently spread and ran on to plaintiff's land and destroyed his property. There was no evidence that the company was boarding these men, or that it was any part of its duty to prepare their meals, or that the company either knew of or authorized the kindling of a fire for any such purpose. Nor was there any evidence that these section-men had any supervision over the right of way, or that it was any part of their duty to extinguish fires that might be ignited thereon. *Held,* that the railroad company was not liable; that, in kindling this fire to warm their meal, the men were not acting in the course of or within the scope of their employment in connection with the company's business, but, for the time being, were acting for themselves and as their own masters, and exclusively pursuing their own ends; and hence the act was their own personal act, and not that of the company. Neither was it material that the section-foreman assisted in or directed the act. In doing so he was as much his own master and doing his own business as were the section-men.

Appeal by defendant from an order of the district court for Polk county, *Stearns,* J., presiding, refusing a new trial.

*R. B. Galusha* and *P. A. Dufour,* for appellant.

*R. Reynolds,* for respondent, cited 1 Addison on Torts, (Wood's Ed.) 585; *Althorp* v. *Wolfe,* 22 N. Y. 355, 364; *Lee* v. *Village of Sandy Hill,* 40 N. Y. 442.

MITCHELL, J.    All the evidence in this case tends to prove that some section-men, under the charge of a section-foreman, were, in the employment of defendant, engaged in repairing its railroad track near plaintiff's farm, on the 21st of October, 1882. While engaged in

such work, they usually returned to their boarding-house for dinner, but on this day, their work being at some distance, they took their dinner with them. At noon, when they quit work to eat, they built a fire, or rekindled one which some other person had kindled, on defendant's right of way, for the purpose of warming their coffee. After eating dinner, they resumed their work, negligently leaving the fire unextinguished, which spread in the grass and ran on to plaintiff's land and burned his hay. There is no evidence that the defendant was boarding these men, or that it was any part of its duty to prepare or cook their meals. Neither is there anything tending to show that the defendant either knew of or authorized the kindling of a fire for any such purpose, either on this or on any other occasion. Nor is there any evidence that it was the duty of these section-men to exercise any supervision over the right of way, or to extinguish fires that might be ignited on it. So far as the evidence goes, their employment was exclusively in repairing the railroad track.

The doctrine of the liability of the master for the wrongful acts of his servant is predicated upon the maxims, *respondeat superior* and *qui facit per alium facit per se.* In fact, it rests upon the doctrine of agency. Therefore, the universal test of the master's liability is whether there was authority, express or implied, for doing the act; that is, was it one done in the course and within the scope of the servant's employment? If it be done in the course of and within the scope of the employment, the master will be liable for the act, whether negligent, fraudulent, deceitful, or an act of positive malfeasance. Smith on Master & Servant, 151. But a master is not liable for every wrong which the servant may commit during the continuance of the employment. The liability can only occur when that which is done is within the real or apparent scope of the master's business. It does not arise when the servant steps outside of his employment to do an act for himself, not connected with his master's business. Beyond the scope of his employment the servant is as much a stranger to his master as any third person. The master is only responsible so long as the servant can be said to be doing the act, in the doing of which he is guilty of negligence, in the course of his employment. A master is not responsible for any act or omis-

sion of his servant which is not connected with the business in which he serves him, and does not happen in the course of his employment. And in determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was *at the time* engaged in serving his master. If the act be done while the servant is at liberty from the service, and pursuing his own ends exclusively, the master is not responsible. If the servant was, at the time when the injury was inflicted, acting for himself, and as his own master, *pro tempore*, the master is not liable. If the servant step aside from his master's business, *for however short a time*, to do an act not connected with such business, the relation of master and servant is for the time suspended. Such, variously expressed, is the uniform doctrine laid down by all authorities. 2: Thompson on Negligence, 885, 886; Shearman & Redf. on Negligence, §§ 62, 63; Cooley on Torts, 533 *et seq.; Little Miami R. Co.* v. *Wetmore,* 19 Ohio St. 110; *Storey* v. *Ashton,* L. R. 4 Q. B. 476; *Mitchell* v. *Crassweller,* 13 C. B. 237; *McClenaghan* v. *Brock,* 5 Rich. (Law,) 17.

It would seem to follow, as an inevitable conclusion, from this, that on the facts of this case the act of these section-men in building a fire to warm their own dinner was in no sense an act done in the course of and within the scope of their employment, or in the execution of defendant's business. For the time being they had stepped aside from that business, and in building this fire they were engaged exclusively in their own business, as much as they were when eating their dinner; and were for the time being their own masters, as much as when they ate their breakfast that morning, or went to bed the night before. The fact that they did it on defendant's right of way is wholly immaterial, in the absence of any evidence that defendant knew of or authorized the act. Had they gone upon the plaintiff's farm and built the fire, the case would have been precisely the same. It can no more be said that this act was done in the defendant's business, and within the scope of their employment, than would the act of one of these men in lighting his pipe, after eating his dinner, and carelessly throwing the burning match into the grass. See *Williams* v. *Jones,* 3 Hurl. & C. 256. The fact that the section-fore-

man assisted in or even directed the act does not alter the case. In doing so he was as much his own master and doing his own business as were the section-men. Had it appeared that it was part of his duty to look after the premises generally, and extinguish fires that might be ignited on them, his omission to put out the fire might possibly, within the case of *Chapman* v. *N. Y. C. R. Co.*, 33 N. Y. 369, be considered the negligence of the defendant. But nothing of the kind appears, and the burden is upon plaintiff to prove affirmatively every fact necessary to establish defendant's liability.

Order reversed, and new trial granted.