WILLIAMS *v.* GOBBLE.

*(Nashville.* February 9, 1901.)

1. EVIDENCE. *Of previous condition of platform whose defects caused plaintiff's injury, admissible.*

It is competent for the plaintiff to prove the existence, on the day before his injury, of the defect, to wit, a hole in the platform, which caused the injury sued for. *(Post, pp. 369, 370.)*

2. MASTER AND SERVANT. *Fellow-servants.*

Servants of different masters, though engaged in the same general work, are not fellow-servants—*e. g.*, the driver of the horse power of a wheat thresher, employed by the owner of the machine, is not a fellow-servant of a boy employed by the owner of the wheat being threshed to carry water to the hands engaged in the work. *(Post, pp. 371–373.)*

3. SAME. *Master's liability for servant's acts.*

Unless the servant acts in the particular matter under the express or implied authority of his master, the latter cannot be held for his acts. Hence the owner of a wheat thresher cannot be held for the act of his servant, the driver of the horse-power, to whom no authority over others has been delegated, in requesting a boy, employed by the owner of the wheat being threshed, to approach him, while the machine was in motion, thereby sustaining serious injury. *(Post, pp. 372, 373.)*

---

FROM LAWRENCE.

---

Appeal in error from Circuit Court of Lawrence County. SAM HOLDING, J.

W. R. KING and J. B. GARNET for Williams.

R. B. WILLIAMS and J. B. WAGSTAFF for Gobble.

WILKES, J. This is an action for damages brought by a father for injuries to his minor son. There was a judgment in the Court below for $1,000 for the plaintiff, and defendants have appealed.

It appears that the defendants were operating a horse power wheat threshing machine in Lawrence County, and Joel Williams, a lad of about thirteen years of age, was engaged in bringing water to the hands, who were attending the thresher. The boy, in passing between the levers to which the horses were attached, in order to give water to the driver (who stood upon a platform erected over the center of the machinery), was caught and badly crippled by the levers or other apparatus forming a part of the motive power of the thresher.

There are three counts in the declaration. One that there was a defect in the platform on which the driver stood, and when the boy stepped upon it his foot slipped through a hole in the floor, and was caught by the revolving machinery and injured.

The other two counts appear to be based upon the theory that the water carrier was directed by the driver to bring the water to him on the

Williams *v.* Gobble.

platform while the machinery was in motion, · and that this order was attended with danger, and this would make the master responsible.

The theory of plaintiff is that he is entitled to recover—

1. Because of the dangerous order given by the driver, especially to one of tender years, and in view of the dangerous character of the machinery.

The defendants ·contend that they are in nowise responsible for the injury done; that there was no hole in the platform; that they are not. responsible for the order of the driver, because in the first place no such order was given, and, in the second place, if given, it was the request of the driver, for which the defendants were not responsible.

In the additional assignment filed it is stated that there is no proof of the nature and value of the boy's earning capacity, and that the verdict, in any event, is excessive, and there is no evidence to sustain it. It appears from the record that the defendants furnished the machinery and the driver and horses, but that the hands necessary to handle the wheat and wait upon the machine were furnished by the parties whose wheat was being threshed. There is a conflict in the evidence as to whether there was ˙a hole in the platform. The plaintiff and his son testify that there was, and several witnesses testify there was

22 P—24

such a hole the day before, and that defendants' attention was called to it. It is also stated that the platform was exhibited to the jury, and there was a hole in it, and the dimensions are given. The testimony as to the condition of the platform on the day before was objected to, on the ground that it should have related to the exact time of the accident. One of the defendants testifies that this hole had been closed two or three days before the accident. He admits that some one called his attention to it, but does not remember who. Williams, the father, states that he called defendants' attention to it the day before.

We think there was no error in the admission of this testimony, and that there is sufficient proof, under the rule, to warrant the jury in believing that the platform was defective, if this were all. The exceptions to the testimony are general, and not specific, that the platform was defective. There is also proof of the boy's age; proof of medical expenses incurred, and proof of the nature and extent of the injury sustained, and of the earning capacity of the boy. The injury resulted in the amputation of the left leg about four inches above the knee. It is true there is evidence tending to show that the platform was not defective; that the boy needlessly stepped upon it, and of his own motion, and not at the direction of the driver, but the questions of fact were fairly sub-

Williams *v.* Gobble.

mitted to the jury, and it found for the plaintiff.

Upon the feature of the case presented by the second and third counts of the declaration there is more difficulty. That it was not a place of safety to which the boy went fully appears from the record. To pass between the levers among the horses and into the network of machinery with the moving levers revolving around and over the braces, stays, cogwheels, etc., was an obviously dangerous experiment, and one the danger of which the jury may have been justified in believing that the plaintiff, on account of his age and want of experience, was not sufficiently informed. The Court, in effect, charged that the boy was not a fellow servant with the driver, if the former was employed and furnished by the owner of the wheat, but that if he was injured while complying with the directions of the driver, and while exercising due care himself, then the defendants would be liable, and this would be the case whether the platform was or was not defective, and upon the idea that the service required of the boy was dangerous, and inviting or ordering him into the place of danger was negligence.

We think there is error in this charge, in this: We are of opinion the driver and water carrier were not fellow servants, since they were employed by different masters, and in this respect the charge

was correct. But it does not follow that the owners and operators of the machinery are liable for the acts of the driver. In order that the result should follow, it must appear that the driver had some sort of delegated authority or superintendence over the other laborers at the thresher, at least over the water carrier, and that in directing him he stood in the place of or acted for the defendants either by express or implied authority. In the present case it affirmatively appears that the driver was employed simply to drive the horses and keep the motive power in motion. He had no authority from defendants over the other employees; no right to direct them; none to control them. It also appears that one at least of the owners of the thresher was present, and it does not appear that the boy went into the place of danger at his request, or even with his knowledge. It further appears that the owners of the machinery went about over the country with their thresher, threshing out wheat for the farmers. The defendants furnished the machinery, horses, and driver, while the owners of the wheat furnished such labor as was necessary to handle the wheat, and among others this boy was employed or engaged to carry water. But it does not appear that the driver had any authority or superintendence over any other employees working about this thresher. It does not appear that he had any right to order

Williams v. Gobble.

or request any particular service of any other employee, and if he did so, he was not, in so doing, standing in the place and doing the work of the master, as he had no such authority. The Circuit Judge was in error, therefore, in charging, as he did, that if the driver and water carrier were not fellow servants, that then the defendants would be liable for the acts of the driver, but he should have coupled it with the further condition that the driver must have been shown to have some authority or superintendence over the other employees delegated to him by the defendants, and that the act he did was in the scope of his authority. It is alone upon this ground that the liability of the master would attach for the act of the servant. It is not necessary to pass upon the other features of the case argued before the Court, for the instruction given by the trial Judge was calculated and altogether sufficient to warrant the jury in fixing liability upon the defendants whether the driver had any authority or superintendence over the other hands or not, and whether the platform was or was not defective.

For this error the judgment of the Court below is reversed, and cause remanded for a new trial.

Appellee will pay the cost of appeal.