ARTHUR W. FAIRBANKS *vs.* BOSTON STORAGE WAREHOUSE COMPANY.

Suffolk.    January 17, 1905. — November 27, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Master and Servant.    Negligence,* Duty of warehouseman.    *Bailment.*

An employee of a storage warehouse company, sent with a customer to take him up in an elevator to the room where his goods are stored and unlock it, who, when called later by the customer to take him down in the elevator, on arriving at the landing steps from the elevator and assaults the customer without provocation, is not engaged in his master's work or doing an act as a means or for the purpose of performing it.

A storage warehouse corporation which agrees to store goods of a customer, to use due care in keeping them and to deliver them upon reasonable demand, and agrees that the customer may visit the room where his goods are stored during business hours in the presence of one of the company's employees, is required to use only ordinary and reasonable care and diligence in the selection of the persons employed to accompany its customers when visiting the rooms where their goods are stored.

TORT for an assault committed on the plaintiff in the defendant's warehouse by one Havender, a servant of the defendant. Writ dated January 21, 1899.

In the Superior Court *Richardson,* J. at the close of the plaintiff's evidence ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. W. Bartlett, E. R. Anderson & A. T. Smith,* for the plaintiff.

*P. H. Cooney & F. L. Hayes,* for the defendant.

MORTON, J.    There was evidence which would have warranted a finding by the jury of an unjustifiable and wanton assault upon the plaintiff by Havender who was the defendant's servant.    But the question is whether the defendant is liable for it.    The fact that Havender was in the employ of the defendant at the time when the assault was committed, and that the assault took place upon the defendant's premises does not necessarily show that the defendant is liable therefor.    " An act done by a servant while engaged in his master's work, but not done as a means or for the purpose of performing that work, is not to be

deemed the act of the master." *Bowler* v. *O'Connell*, 162 Mass. 319, 320. *Driscoll* v. *Scanlon*, 165 Mass. 348. *Perlstein* v. *American Express Co.* 177 Mass. 530. In the present case the uncontradicted evidence showed that the defendant's superintendent directed Havender to take the plaintiff up in the elevator, and that he did so and unlocked the room where the plaintiff's goods were stored, and then went back to the elevator; that the plaintiff went in and selected some goods which he wished to take away, and in a short time went to the elevator well and called to Havender to come up and get him; that he called two or three times with considerable waits between, and finally called to Havender and asked him to go out into the yard and get a man who had come with the plaintiff and take him in where it was warm; and that in about ten minutes Havender came up with the man, and as the elevator stopped at the landing, Havender stepped forward, leaving the man on the elevator, and grabbed and struck the plaintiff without any provocation, committing the assault complained of. Havender was not a witness and it did not appear where he was. He was discharged by the defendant three days after the assault. There was nothing to show that down to the time of the assault his conduct, while in the defendant's employ, had been otherwise than good. We do not see how it can be said that the assault was committed as a means or for the purpose of performing the work which Havender was employed to do.

The plaintiff relying on the doctrine laid down in *Bryant* v. *Rich*, 106 Mass. 180, and similar cases, contends that, under the contract between himself and the defendant, the latter was bound to protect him while on its premises pursuant to such contract from improper force and violence on the part of any of its employees, and that it is liable to him for any damages sustained by him in consequence of its failure to perform this duty. The contract, so far as material, was a contract for the storage of goods belonging to the plaintiff, with an agreement on the part of the defendant to use due care in keeping the property, and to deliver it upon reasonable demand, and that the plaintiff might visit the room where it was stored during business hours in the presence of one of its employees. The contract was not like that in *Bryant* v. *Rich*, for transportation by a common carrier

but, as already observed, was a contract for the storage of goods, and the case comes within the class of cases relating to warehousemen or those where one enters upon the premises of another by his express or implied invitation for the transaction of business with him. What is required in such cases is ordinary care and diligence. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Plummer* v. *Dill*, 156 Mass. 426. *Aldrich* v. *Boston & Worcester Railroad*, 100 Mass. 31. There is nothing to show that it was not exercised by the defendant in the selection and employment of Havender, or otherwise. The result is that the exceptions must be overruled.

*So ordered.*