Cheshire,
Feb. 1, 1921.

### IRVING C. PALMER *v.* KEENE FORESTRY ASSOCIATION.

In case for negligently setting fire to the plaintiff's land by lighted matches dropped by employees of the defendant while at work thereon, certain evidence that such employees were cigarette smokers justified the inference that the defendant was aware of their habit and should have provided against consequential injury to the plaintiff's property.

ACTION, to recover damages for the burning of the plaintiff's premises by fire negligently set by the defendant. The court upon defendant's motion ordered a nonsuit subject to the plaintiff's exception. A bill of exceptions was allowed at the October term, 1919, of the superior court by *Kivel*, C. J.

The evidence tended to show that the plaintiff employed the defendant to set out in his field a number of trees; that it employed certain laborers to do the work whom it sent to the field for that purpose, some of whom were cigarette smokers; and that while engaged in the work one of them carelessly dropped a lighted match into the grass, which was very dry, and that this caused the fire to spread over the field, burning other trees and destroying the plaintiff's buildings. Other relevant evidence is stated in the opinion.

*Chester B. Jordan* and *Philip H. Faulkner* (*Mr. Jordan* orally), for the plaintiff.

*Roy M. Pickard* and *Orville E. Cain* (*Mr. Pickard* orally), for the defendant.

WALKER, J. One position of the defendant is that there is no evidence that it had knowledge or is chargeable with knowledge that its servants, whom it employed to set out trees in the plaintiff's field, were addicted to the use of cigarettes, the smoking of which when they were engaged in their work would be liable to result in setting

fire to the dry grass and create a conflagration.  If the defendant knew or ought to have known they were in the habit of smoking cigarettes, it also must have known that that habit if practiced by them when setting out trees in a field which was abnormally dry and parched might reasonably be expected to set the grass on fire and do serious damage to the property of others.  The principal contention, therefore, relates to the sufficiency of the evidence in regard to the defendant's knowledge of its servants' smoking habits.

The evidence tended to show that the men or some of them, including the foreman, smoked while doing their work; that they smoked at their boarding house and at the railroad station; that they were not forbidden to smoke while at work; that they, with one exception, had worked for the defendant doing the same kind of work in other places; and that they were young men.  From this evidence it would be a reasonable inference that the officers of the defendant either knew or that they ought to have known that their men would probably smoke while working in the plaintiff's field.  It was a custom for them to indulge in that habit, of which the jury might find the defendant was fully cognizant.  *Curtis* v. *Company*, 73 N. H. 516. Moreover the jury would be justified in finding that the defendant ought to have known of this habit of its workmen, from the fact that it is common knowledge that most young men practice the habit when at work.  Upon this view, it would follow that the defendant would be chargeable with the knowledge that ordinarily prudent men would possess upon this subject, and ought to have provided by instruction or otherwise against the practice of the habit when it was liable to result in serious damage to third persons.

As from the evidence the jury might properly find that the defendant knew its men were habitual smokers and that while at work as its agents or servants in the plaintiff's field they probably would indulge in the habit and carelessly drop lighted matches in the dry grass, setting it on fire, the duty to the plaintiff rested upon the defendant by reasonable means to prevent such a result.  Its duty in this respect would not be different in principle than it would have been if its responsible officers and agents had been present at the time of the fire and had indulged in the smoking habit which caused the conflagration.

It is argued, however, that the men were not engaged in the defendant's business when the fire was set; that smoking was no part of the work they were hired to do and hence that the defendant is not liable.  *Rowell* v. *Railroad*, 68 N. H. 358, and *Danforth* v. *Fisher*,

75 N. H. 111, are cited in support of this contention. But the principle of those cases is not applicable to this case, since the defendant's liability depends on a finding that it had knowledge of the propensity of its servants to smoke, which habit they were likely to indulge in while at work in the plaintiff's field, and thus cause serious damage to the plaintiff's property. The question is, not whether the men in dropping lighted matches into the grass were acting within the scope of their authority, but whether the doing of the act was reasonably to be apprehended by the defendant. *Searle* v. *Parker*, 68 N. H. 311. If it was, the defendant is liable for the resulting damage (*Fletcher* v. *Railroad*, 168 U. S. 135, 138–140; *Hogle* v. *Company*, 199 N. Y. 388); if it was not, it might not be liable.

*Exception sustained.*

All concurred.