[Civ. No. 3681.   Third Appellate District.—May 21, 1929.]

JOHN YORE, Respondent, v. PACIFIC GAS & ELEC-
TRIC COMPANY (a Corporation), Appellant.

Orrick, Palmer & Dahlquist for Appellant.

Rich & Weis, W. P. Rich and F. E. Carlin for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for damages for negligence which is alleged to have caused the destruction of pasturage and cordwood by means of a grass fire.

The defendant owned a right of way along which it was engaged with a gang of workmen in reconstructing a line of electric power poles. Fifteen or twenty men under the direct supervision of Mr. Mahan, a subforeman, were employed setting poles in the vicinity of Colgate. The right of way was covered with a stand of dry grass and weeds. A strong wind was blowing. Some of the workmen were occasionally smoking. A grass fire was started from the stump of a live cigarette or from a burning match carelessly thrown away by a workman. In spite of strenuous efforts to control the fire it spread rapidly to the adjoining fields owned by the plaintiff, destroying the pasturage on some

fourteen hundred acres of land, together with a large quantity of cordwood and fence posts. Upon the trial the court adopted findings holding that the appellant negligently permitted dry grass and weeds to accumulate and remain upon the right of way, that it was aware of the habits of its employees to engage in smoking during their employment, and that it failed to prohibit its employees from smoking under such circumstances. Based upon these findings judgment was rendered in behalf of the plaintiff. No question is raised as to the amount of damages.

The appellant contends that the findings are not supported by the evidence for the reason that it appears without conflict that the conduct of the workmen in smoking or carelessly throwing away burning cigarette stumps or matches was not within the scope of their employment and that the result of such negligence was therefore not binding upon it and that there is no evidence of the appellant's knowledge that its employees were accustomed to smoke under such circumstances. The entire record with relation to the actual smoking or use of matches upon this occasion or the habit of the workmen to engage in smoking during their employment consists of the following: Mr. Henshaw, an employee, testified: "Q. Did you notice whether they were smoking? A. One was smoking once. I called his attention to it. . . . He was smoking a cigarette and throwed it down—If you want to know just the words I said, I says, 'Watch, you might start a fire.' . . . He says 'There is nothing there to burn, it is so damned dry and hot the ground will burn.' And he put his foot on it and went back to work. . . . It didn't burn from that cigarette, for he put his foot on it. . . . It didn't start very far away, about six or eight feet from where he throwed it. . . . Q. Was the other man smoking who was working in that post-hole? A. He was smoking a pipe. I don't think he was smoking right then but one was smoking a cigarette and the other smoking a pipe, and I was smoking. . . . When they hollered 'Fire' I was stooped over lighting my pipe. . . . Q. Were the men generally smoking around there? A. I didn't see anybody barred from smoking. Q. You smoked, did you? A. I smoked and the two digging the hole were smoking. Q. And you saw them smoking around the camp? A. Yes."

Mr. Lind, an employee, also testified: "When I went to get a drink of water I saw Mr. Henshaw standing alongside of his slughole and I knew he had his pipe. I seen him start the match and throw the match down and he took another one. . . . The head flew off of it and that is all there was to it. He went down into the hole and in about a second after that the fire came up. . . . It started about three or four feet from his hole. . . . Q. You were smoking weren't you? A. Why, no, I wasn't smoking at the time. Q. You did smoke? A. Yes. Q. You smoke cigarettes? A. I do smoke cigarettes, but over there I didn't have any cigarettes. Q. What did your partner smoke? A. My partner smoked—He smoked Prince Albert, rolled a cigarette out of Prince Albert tobacco."

The record contains no evidence that the foreman was in the vicinity at the time the fire commenced to burn. There is no evidence as to the habit of the workmen to smoke during their employment upon this or previous occasions.

The sole question involved upon this appeal is whether the agent of the Pacific Gas & Electric Company omitted to do anything which a reasonably prudent person should have done under the circumstances to prevent the fire which destroyed plaintiff's property. Section 2338 of the Civil Code provides in part: "A principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent *in and as a part of the transaction of such business,* and for his wilful omission to fulfill the obligations of the principal."

Section 2339 of the Civil Code provides: "A principal is responsible for no other wrongs committed by his agent than those mentioned in the last section, unless he has authorized or ratified them, even though they are committed while the agent is engaged in his service."

■ Knowing the inflammable and dangerous condition of the dry grass it would be the duty of the agent in charge of the restoration of the pole line to prohibit careless use of cigarettes or matches by the employees. If the master had knowledge of the negligent use of cigarettes or matches by its employees under such dangerous circumstances it might be liable for damages for retaining in its employ one who persisted in such careless habits. The failure to do so

might constitute an authorization or ratification of the negligent act of the employee which resulted in the fire. The record, however, is devoid of evidence indicating that the agent of the appellant had any such knowledge, or that the employees were addicted to the habit of smoking under such dangerous circumstances. A mere presumption that workmen are accustomed to smoke while engaged in their employment will not warrant a finding of negligence on the part of the employer.

▪ Neither the habit of smoking on the part of the employees nor the careless tossing of a cigarette stump or burning match into dry grass or inflammable material near by are acts within the scope of the employment of men engaged in digging holes or setting electric power poles. (*Feeney* v. *Standard Oil Co.*, 58 Cal. App. 587 [209 Pac. 85]; *Williams* v. *Jones*, 3 Hurl. & C. 256, 159 Eng. Rep. 528, affirmed 159 Eng. Rep. 668.) With reference to the application of the sections of the Civil Code above cited to a similar affair, it is said in *Feeney* v. *Standard Oil Co.*, *supra:* "Under the rule thus declared it seems clear that the defendant is not responsible for McDonald's negligent act in dropping the lighted match into the gasoline. The lighting of the cigarette was no part of the transaction of the defendant's business. It was an independent act for McDonald's personal enjoyment. It occurred during the time of his transaction of the defendant's business, but was no part thereof, and was not in the course of his employment. The fact that defendant had instructed McDonald not to smoke while delivering gasoline does not enter into the problem."

▪ As a general rule an employer is not liable for damages resulting from fires started by an employee merely to serve his own pleasure or purpose, which acts have no connection with the duties of his employment, and which have not been directly or indirectly authorized or ratified. (39 C. J. 1300, sec. 1498; 18 R. C. L. 806, sec. 262; *Adams* v. *Southern Bell Tel. & Tel. Co.*, 295 Fed. 586; *Morier* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 351 [47 Am. Rep. 793, 17 N. W. 952]; *Excelsior Prod. Mfg. Co.* v. *Kansas City So. R. Co.*, 263 Mo. 142 [Ann. Cas. 1917B, 1047, 172 S. W. 359]; *Ireton* v. *Atchison etc. R. Co.*, 96 Kan. 480 [L. R. A. 1917F, 1120, 152 Pac. 625].)

█ Unless the acts or omissions of the appellant in the present case amounted to an authorization or ratification of the employees' habit of smoking while they were engaged in work under such circumstances as existed at the time of the fire, it will not be liable for the damage resulting from the negligence of its laborers occurring in the performance of acts or conduct outside of the scope of their employment. If the appellant was guilty of negligence which imposed liability upon it for the damage resulting from the fire, it is because it either failed to remove the dry grass from the right of way before permitting its employees to work thereon, or because with knowledge of their custom to smoke while engaged in working, it failed to prohibit them from doing so under the dangerous circumstances which existed at the time of the fire. It is unreasonable to hold that the law would require the employer to remove dry grass from a right of way which was more than three miles in length, before permitting workmen to proceed to replace power poles thereon. The evidence is undisputed that the foreman Mahan, who had charge of these workmen, was "about a mile down the line," at the time the fire began. There is no evidence that the foreman, or any authorized agent of appellant having charge of the employees, knew that it was their habit to smoke while engaged in working, or that they were actually smoking on the occasion of this fire. █ It may not be said that the court, as a matter of law, will take judicial notice of the fact that laboring men do ordinarily smoke while engaged in working under such circumstances as existed in the present case. █ It is an invariable rule that a charge of negligence must be supported by evidence before resulting damages may be imposed.

In support of the judgment the respondent relies chiefly upon the case of *Palmer* v. *Keene Forestry Assn.*, 80 N. H. 68 [13 A. L. R. 995, 112 Atl. 798], where a judgment for damages resulting from a fire occurring under similar circumstances was upheld. That action, however, is readily distinguishable from the present case. In that case there was evidence that the foreman himself and the employees were accustomed to smoke while engaged in working. The facts are recited as follows: "The evidence tended to show that the men, or some of them, including the foreman, smoked while doing their work; that they smoked at their

boarding house and at the railway station; that they were not forbidden to smoke while at work."

Since there is no substantial evidence in the present case to support the findings to the effect that the appellant knew it was the habit of the employees to smoke while engaged in work, or knew they were smoking at the time the fire occurred, a reversal of the judgment becomes imperative.

The judgment is therefore reversed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 20, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1929.

Seawell, J., and Curtis, J., dissented.