KELLY *v.* LOUISIANA OIL REFINING CO.

(*Nashville,* December Term, 1933.)

Opinion filed January 13, 1934.

GROVER MCCORMICK, of Memphis, for plaintiff in error.

MARTIN & MARTIN and JNO. D. MARTIN, JR., all of Memphis, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The plaintiff prosecutes his appeal in the nature of a writ of error from a judgment dismissing his suit on the defendant's demurrer to the declaration.

The suit is for damages for personal injuries sustained by reason of negligent conduct of defendant's servant, employed to deliver gasoline and oil.

Plaintiff was an employee of one Brockwell, a merchant, engaged partly in buying and handling cotton. The store contained quantities of ''loose cotton samples and loose parcels and particles of lint cotton.'' Plaintiff's clothing ''was pretty well covered with lint cotton, a very inflammable substance.''

The declaration avers that the defendant knew, or had reason to know, that its servant was a smoker of cigarettes, and that he ''constantly smoked while on duty, delivering gas and oil.''

Defendant's servant came to the Brockwell store to deliver gasoline, and then entered the store to call defendant's office by telephone. While making the call, he struck a match to light a cigarette, and carelessly threw the match against plaintiff. Plaintiff's clothing was ignited and he was severely burned. The fire, thus ignited, spread, and consumed the store building.

██ Defendant contends, and the circuit court held, that the act of negligence of which its servant was guilty

was wholly outside the scope of the servant's employment, so that the defendant may not be held responsible for the resulting injury. We are of opinion that this contention must be sustained.

The question presented for our decision is the application to the stated facts of well-established principles of law. The principle we apply is stated in *Deihl & Lord* v. *Ottenville,* 82 Tenn. (14 Lea), 191, 197 (there quoted from Cooley on Torts, star page 629, and *Howe* v. *Newmarch,* 12 Allen (Mass.), 49, 57): "If a servant, wholly for a purpose of his own, disregarding the object for which he is employed, and not intending by his act to execute it, does an injury (to another) not within the scope of his employment, the master is not liable." Our reported decisions adhere to and apply this rule: *Cantrell* v. *Colwell,* 40 Tenn. (3 Head.), 472; *Williams* v. *Gobble,* 106 Tenn., 367, 61 S. W., 51; *Stone Co.* v. *Pugh,* 115 Tenn., 688, 91 S. W., 199, 4 L. R. A. (N. S.), 804, 112 Am. St. Rep., 881; *Kennedy* v. *Union Charcoal & Chemical Co.,* 156 Tenn., 666, 4 S. W. (2d), 354, 57 A. L. R., 733.

In the American Law Institute's Restatement of the Law, Agency (1933), section 235, the same principle is stated: "An act of the servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."

The defendant's servant entered the Brockwell store and took his position at the telephone in furtherance of his service, and, was to that extent acting within the scope of his employment. But the act of lighting the cigarette was not incident to the telephoning and had no relation to it. It did not render the act of telephoning hazardous, nor did it create any causal relation between

the service he was employed to render the defendant and the injury sustained by the plaintiff. Discussing a similar action and ruling as we do here, the Circuit Court of Appeals (4th Circuit), in *Adams* v. *Southern Bell Tel. & Tel. Co.,* 295 F., 586, 591, said: "If the defendant here is answerable, it must be because Heeney (the defendant's servant), at the moment he is said to have committed the negligent act, was in the service of the defendant and on duty for it, or because, if he had not been in defendant's employ and on its business, he would not have been at the place at which the alleged wrong was or could have been done; but it is clear that neither of these circumstances is in itself sufficient to impose liability."

The conclusion we reach is supported by the cases of *Adams* v. *Southern Bell Tel. & Tel. Co.,* cited above; *Feeney* v. *Standard Oil Co.,* 58 Cal. App., 587, 209 P., 85; *Yore* v. *Pacific Gas & Electric Co.,* 99 Cal. App., 81, 277 P., 878; *Williams* v. *Jones,* 3 H. & C., 600, 159 English Reprint, 668.

In the Restatement of the Law, Agency, section 235, the rule above quoted is elucidated by the following "comment:"

"Although an act is not done for the purpose of the master and hence is not within the scope of the employment, if it is accompanied by authorized conduct its performance may cause the servant to be negligent in the manner of doing that which is within the scope of the employment. The chief instances occur where the servant is the custodian of land or chattels which he is controlling on account of the master."

The distinction thus noted is illustrated by our case of *Mack* v. *Hugger Bros. Const. Co.,* 153 Tenn., 260, 266, 283

S. W., 448, 46 A. L. R., 389, followed by the Court of Appeals on a second appeal, 10 Tenn. App., 402. It differentiates from the case at bar the cases principally relied upon by plaintiff: *Maloney Tank Mfg. Co.* v. *Mid-Continent Pet. Corp.* (C. C. A.), 49 F. (2d), 146; *Jefferson* v. *Derbyshire Farmers, Ltd.* (1921), 2 K. B., 281, 13 A. L. R., 989; *Palmer* v. *Keene•Forestry Ass'n*, 80 N. H., 68, 112 A., 798, 13 A. L. R., 995; *Keyser Canning Co.* v. *Klots Throwing Co.*, 94 W. Va., 346, 118 S. E., 521, 31 A. L. R., 283.

Nor is the plaintiff's case aided by the averment that the defendant knew its servant was a habitual smoker. This averment might have affected the result if the accident had occurred while the servant was in the act of hauling and delivering the inflammable oil and gas he was employed to deliver, as in *Feeney* v. *Standard Oil Company*, the California case cited above, but the duty in which the servant was engaged, when he threw the lighted match on plaintiff, was the simple and innocuous act of using a telephone, which he might have found it necessary to do if he had been delivering groceries instead of gasoline, and which contributed in no way to the accident. A general acquiescence in the servant's habit of smoking while on duty would not support a finding that the defendant was negligent in failing to instruct its servant not to light his cigarette in the event he should find it necessary to enter a place in which, for reasons wholly disconnected with the defendant's business, it might be unsafe to do so. "The master ought not to be held responsible for such wrongful conduct of the servant as he had neither directed him to do, nor could be supposed to have authorized or expected the servant to do. A liability so extensive would make the master guarantor

of the servant's good conduct, and would impose responsibilities which prudent men would hesitate to assume." *Deihl & Lord* v. *Ottenville,* 82 Tenn. (14 Lea), 191, 201, 202.

The judgment is accordingly affirmed.