## SHUCK v. CARNEY.—118 S. W. (2d) 896.

Western Section. November 24, 1937.

Petition for Certiorari denied by Supreme Court, February 12, 1938.

John M. Drane, of Newbern, for plaintiff in error.
Charles W. Miles, III, of Union City, for defendant in error.

SENTER, J. The parties will be referred to as in the court below, Maggie Carney, Plaintiff, and Edwin Shuck, trading as Shuck Motor Company, Defendant.

This is an appeal from a judgment rendered in favor of the plaintiff and against the defendant for the sum of $275 in an action for damages for the alleged negligence of one of defendant's agents and servants in negligently and carelessly igniting gasoline which had spilled or drained from the tank of the partly overturned automobile of plaintiff, causing the automobile of plaintiff to be set on fire and burned.

The declaration is in three counts. There is very little difference in the first and second counts. By these counts it is averred in substance that on July 31, 1936, plaintiff was the owner of a Chevrolet automobile; that on said date one Ezell Patterson, by and with her consent, was driving the automobile on a highway between Newbern, Tennessee, and Dyersburg, Tennessee; that the pavement was wet and that Patterson applied the brakes suddenly causing the automobile to skid into a side ditch; that the car turned over on its side after skidding into the ditch and that gasoline ran out of the gas tank on to the ground at the rear of the car; that Patterson called the defendant, who was at that time engaged in the garage business at Newbern, to send out a wrecker to pull the car out of the ditch and that defendant sent two of his employees to the scene of the accident; that these two employees were unable to get the car out of the ditch and back on to the highway, and that they thereupon went back to Newbern and returned with another one of defendant's employees, a Mr. Reynolds; that Reynolds and his helpers procured a tractor and attached it to the wrecker and the wrecker was attached to the automobile; that about the time the tractor was ready to start the said Reynolds, an employee of the defendant, struck a match to light a cigarette, and after lighting the cigarette dropped the match on the ground and into the gasoline that had spilled out of the car tank on to the ground, igniting the gasoline, resulting in the automobile being badly damaged by being burned. It was averred that the said Reynolds, an employee of the defendant, was engaged in superintending the work of getting the car out of the ditch at the time he struck the match to light the cigarette and dropped it into the gasoline on the ground, and that in so doing he was acting as the agent of the defendant and within the scope of his duties. It is also averred that after the car caught fire from the gasoline that the said Reynolds disconnected the tractor and wrecker from the automobile and drove the tractor and wrecker out of danger but negligently and carelessly let the automobile burn. These are the acts of negligence complained of in the first and second counts of the declaration.

By the third count it is averred that after the automobile had been damaged by the fire that by agreement between the plaintiff and defendant the automobile was carried to the garage of the defendant in Dyersburg, and later plaintiff had to have the car hauled back to Newbern at a cost of several dollars and for which she also sued.

To the declaration, and each count thereof, the defendant filed a plea of the general issue of not guilty.

The case was tried before the Honorable W. W. Herron, Chancellor, sitting by interchange with the regular circuit judge, without

the intervention of a jury, and at the conclusion of all the evidence rendered a judgment in favor of plaintiff and against the defendant for the sum of $275 as damages to the automobile. A motion for a new trial was seasonably filed by the defendant, which motion was overruled.

From the action of the trial judge in rendering a judgment against the defendant and in denying its motion for a new trial, the defendant has appealed in error to this Court.

By the several assignments of error it is said that the learned trial judge was in error in holding the defendant liable for the alleged negligent conduct of his servant in throwing the lighted match into the gasoline on the ground near plaintiff's wrecked car, and in rendering judgment against defendant for the resulting damages. That the trial judge erred in holding that the master knew his servant was a habitual smoker and permitted him to smoke while engaged in handling the wrecked car and in working around and about it, and in holding that defendant's servant had control over and was the custodian of the car at the time of the accident. The learned trial judge was of the opinion that Reynolds, the agent and employee of defendant, was acting within the scope of his employment at the time he struck the match to light his cigarette and dropped the match into the spilled gasoline while he was engaged in attempting to get the wrecked automobile out of the ditch, and applied the rule of respondeat superior. The learned trial judge further held that the defendant knew that the said agent, Reynolds, was in the habit of smoking cigarettes and that he was negligent in permitting the agent to light and smoke a cigarette while engaged in his work in and around the wrecked automobile.

It is the contention of appellant that the employee, Reynolds, in striking the match to light a cigarette and dropping it into the spilled gasoline was not acting in the scope of his employment, and that it was his personal and individual act disconnected from any duty or business that he was then performing for appellant. It being the contention that the appellant was not present in person; that he sent his said employee, Reynolds, to assist the other two employees to get the wrecked automobile out of the ditch and on to the highway; that the employer could not reasonably anticipate that the employee, Reynolds, would strike a match and ignite the spilled gasoline; that the employer could not anticipate, and had no knowledge that there was any spilled gasoline on the ground around or about the wrecked automobile; that the employer was not negligent in not instructing his employee, Reynolds, not to smoke around the wrecked automobile while engaged in trying to get the wrecked automobile out of the ditch.

It is the contention of appellee that the learned trial judge correctly held that the act of striking the match and dropping it into the gasoline by Reynolds was in connection with the performance of a duty and business within the scope of his employment, and for which the defendant would be liable; and the further contention that appellant knew that his said employee, Reynolds, was in the habit of smoking while engaged in his work, and that appellant was negligent in not instructing his employee not to smoke while engaged in performing this duty.

Appellee relies upon certain cases from other jurisdictions and also upon the Tennessee case of Mack v. Hugger Bros. Construction Co., 153 Tenn. 260, 265, 283 S. W. 448, 46 A. L. R. 389. Among the cases relied upon is the New Hampshire case reported in Palmer v. Keene Forestry Ass'n, 80 N. H. 68, 112 A. 798, 13 A. L. R. 995, where it was held that one employing men to work in a field containing parched grass, who to his knowledge smoked at their boarding house and other places, and are not forbidden to smoke while at work, is chargeable with the knowledge that they would probably smoke at that time. In that case it appeared that the defendant had employed certain boys and young men to set out trees in plaintiff's field where the field was covered with dry grass and when it was abnormally dry and parched; that the employer knew that some of these men were accustomed to smoking; and that knowing the condition of the field with respect to it being covered with dry inflammable grass and that the weather was excessively hot and dry and the field was badly parched, that he could reasonably anticipate that his employees who were accustomed to smoking would probably smoke while engaged in their work and that this would probably result in setting fire to the dry grass and burning over the field; and was negligent in not admonishing the employees against smoking under the circumstances and while engaged in the work which they had been sent to perform, that of setting out trees in this field of dry and inflammable grass. Other grass cases of similar nature are cited by appellee from other jurisdictions, all to the effect that it is not a question as to whether the men employed to set the trees were acting within the scope of their employment in dropping lighted matches into the grass, but whether the doing of the act was reasonably to be apprehended by the defendant. Searle v. Parke, 68 N. H. 311, 34 A. 744; Hogle v. H. H. Franklin Mfg. Co., 199 N. Y. 388, 92 N. E. 794, 32 L. R. A. (N. S.), 1038; Fletcher v. Baltimore & P. R. Co., 168 U. S. 135, 18 S. Ct. 35, 42 L. Ed. 411; and other cases more or less informal.

The case of Mack v. Hugger Bros. Const. Co., supra, involved the question of the right of the defendant to rely upon the defense of recoupment growing out of damages resulting from the negligence of the contractor in laying a floor out of material referred

to as "rezilite," and which material was highly inflammable while being laid, and the foreman in charge of the work of putting down the rezilite flooring material dropped a lighted match upon the floor and produced a fire that destroyed the building in the course of erection. The question really involved was whether or not the remedy of recoupment could be invoked against the alleged debt of the contractor for constructing the building, since it was claimed that there was an effort to settle by way of recoupment unliquidated damages against a liquidated debt. It was held that the defendant could rely upon the remedy of recoupment and was also held that the contractor was liable for the negligent act of his agent and employee in dropping the lighted match on to this highly inflammable floor material in the state it was in while being laid.

We are of the opinion that neither of the cases referred to by appellee to support the judgment of the lower court find application to the facts of the present case. We think the case of Kelly v. Louisiana Oil Refining Co., 167 Tenn. 101, 66 S. W. (2d) 997, is more nearly analogous to the facts of the present case. In that case the employee who was driving the oil truck for the defendant went to the place of a merchant engaged partly in buying and selling cotton. The agent of defendant went there to deliver gasoline and oil and while there he went to the store of the merchant where there was a large quantity of loose cotton samples and loose cotton lint on the floor. He went into the store to use the telephone to call his employer on a matter pertaining to the business of the employer and while using the telephone he lighted a cigarette and flipped the match onto and against an employee of the merchant standing near. There was a large quantity of lint cotton covering the clothes of this employee. The match, catching the lint cotton on his clothing, set fire to his clothing and burned him severely and also causing the store building to burn. The declaration in that case alleged that the defendant knew or had reason to know that his servant was a smoker of cigarettes, and that he was accustomed to smoke cigarettes while on duty delivering gas and oil. There was a demurrer to the declaration. The contention of the defendant was that the act of negligence averred in the declaration was the independent act of the servant. Throwing the lighted match onto the employee of the merchant who was covered with lint cotton was wholly outside the scope of the servant's employment and therefore the master, the defendant, was not liable. The demurrer was sustained by the lower court. On appeal to the Supreme Court the Supreme Court sustained the judgment of the lower court, stating (page 998):

"The defendant's servant entered the Brockwell store and took his position at the telephone in furtherance of his service, and was to that extent acting within the scope of his employment. But the

130

act of lighting the cigarette was not incident to the telephoning and had no relation to it."

The court further stated in the course of the opinion:

"Nor is the plaintiff's case aided by the averment that the defendant knew its servant was a habitual smoker. . . . A general acquiescence in the servant's habit of smoking while on duty would not support a finding that the defendant was negligent in failing to instruct its servant not to light his cigarette in the event he should find it necessary to enter a place in which, for reasons wholly disconnected with the defendant's business, it might be unsafe to do so. 'The master ought not to be held responsible for such wrongful conduct of the servant as he had neither directed him to do, nor could be supposed to have authorized or expected the servant to do. A liability so extensive would make the master guarantor of the servant's good conduct, and would impose responsibilities which prudent men would hesitate to assume.' "

The court in that case cited with approval the rule stated in the Restatement of the Law of Agency, Sec. 235, as follows:

"An act of the servant is not within the scope of employment if it is done with no intention to perform it as a part of or incident to a service on account of which he is employed."

In the instant case it appears that the two colored men who were in the automobile owned by plaintiff, and driven by Patterson with her consent, by applying the brakes too suddenly skidded the car off of the wet pavement and into a side ditch, turned the car over or partly turned it over. They communicated with the defendant's garage in Dyersburg and requested that a wrecker be sent out to get the car out of the ditch and on to the highway. The defendant sent two of his employees with a wrecker to the scene of the wreck. They were unable to get the car out and returned to the garage and by direction of the defendant, Reynolds, another employee of the defendant, and referred to as a foreman, returned to the scene of the accident with the two employees, and they procured a tractor from a farmer in the community and attached the tractor to the wrecker, and the wrecker to the automobile. While one of the employees was cranking the tractor to start it up to make the pull, Reynolds struck a match to light a cigarette and dropped the burning match on the ground. A quantity of gasoline had leaked out of the overturned automobile on to the ground and this burning match was dropped by Reynolds on the ground and into the gasoline, igniting the gasoline which rapidly spread to the wrecked car, resulting in the damage and injury to the car complained of.

We do not think that this act of Reynolds in striking the match under the circumstances constituted any part, nor was it at all related to the work for which he had been sent to perform by his employer. The negligent act was alone the act of Reynolds and not in

the performance of any duty of his employer. The employer could not have anticipated that there would be spilled gasoline on the ground around the wrecked automobile, nor could he have anticipated that Reynolds would strike a match and drop it onto the ground igniting the gasoline. The fact that he knew that Reynolds smoked cigarettes would not alter the situation. The record does not disclose that he had actual knowledge that Reynolds smoked while he was engaged in such employment, but if he had, we do not think under the authority of Kelly v. La. Oil Refining Co., supra, that the defendant could be held liable for the act of the employee, Reynolds. We think that the facts of this case bring it squarely within the rule of Kelly v. Louisiana Oil Refining Co., supra.

It results that the assignments of error are sustained, and the judgment of the lower court is reversed and the suit dismissed at the cost of plaintiff below.