MORTON RAPPAPORT
*vs.*
ROSEN FILM DELIVERY SYSTEM, INC., ET AL.

Superior Court        New Haven County        File No. 57815

MEMORANDUM FILED JULY 10, 1940.

*Alexander Winnick,* of New Haven, for the Plaintiff.

*John J. Sullivan, Jr.,* of New Haven, for the Defendants.

DALY, J.   In the complaint it is alleged the plaintiff was assaulted by the defendant, John Nutile, on October 21, 1938, and that Nutile was the duly authorized agent, servant and employee of the defendant, Rosen Film Delivery System, Inc., and that he, Nutile, was acting within the scope of his authority and employment.

During argument upon the defendants' motion for a judgment of nonsuit a portion of the opinion in *Turner vs. American District Telegraph & Messenger Co.,* 94 Conn. 707, at pages 713 and 714 was discussed with reference to the defendant employer.   There the following appears: "The test of liability is not to be found in anything so artificial as its occurrence during the period of the servant's employment or before a task entrusted to the servant has been completed.   It matters not that the employee's working hours have not expired, or the task to which he has been especially assigned has not been finished.   If he turn aside from his work or task to do something unrelated to the master's business he is, as long as he is so engaged, as much acting outside the scope of his employment as he would be were his working day ended or his task completed.   *Morier vs. St. Paul M. & M. Ry. Co.,* 31 Minn. 351, 352, 17 N.W. 952.   The test is to be found in the nature of the tortious act and its relation or nonrelation to that which the actor was employed to do.   A master is liable only for those torts of his servant which are done with a view of furthering his master's business within the field of his employment—for those which have for their purpose the execution of the master's orders or the doing of the work assigned to him to do.   *Mager vs. Hammond,* 183 N.Y. 387, 390, 76 N.E. 474; *Fairbanks vs. Boston Storage Warehouse Co.,* 189 Mass. 419, 75 N.E. 737; *McCarthy vs. Timmins,* 178 Mass. 378, 380, 59 N.E. 1038.   'The rule recognized in all the recent cases, and which does not materially conflict with any of the old decisions, although it may qualify some of the intimations or casual expressions or illustrations of the judges, is that for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the

master will be responsible.' *Mott vs. Consumers Ice Co.,* 73 N.Y. 543, 547. 'It is a general rule that an act done by a servant while engaged in his master's work, but not done as a means or for the purpose of performing that work, is not to be deemed the act of the master.' *Dougherty vs. Chicago, M & St. P. Ry. Co.,* 137 Iowa 257, 260, 114 N.W. 902; *Bowler vs. O'Connell,* 162 Mass. 319, 320, 38 N.E. 498; *Fairbanks vs. Boston Storage Warehouse Co.,* 189 Mass. 419, 75 N.E. 737."

It is clear that even if it were admitted that the defendant Nutile did assault the plaintiff he did not do so in the execution of the defendant employer's business and within the scope of his, Nutile's, employment. The motion to set aside the judgment of nonsuit as to the defendant Rosen Film Delivery System, Inc., is denied.

At the time of argument upon the motion for judgment of nonsuit I expressed my belief that the motion should be granted as to the defendant employer, Rosen Film Delivery System, Inc. I also stated that I had some question concerning a judgment of nonsuit upon the motion of the defendant Nutile. Counsel for the plaintiff then frankly stated that if the motion for judgment of nonsuit were to be granted upon the motion of the defendant, Rosen Film Delivery System, Inc., it might just as well be granted also upon the motion of the defendant Nutile.

It was because of this that the motion was granted also as to the defendant Nutile. It appears now that the motion of the plaintiff to set aside the judgment of nonsuit as to the defendant John Nutile should be granted and as to him, the defendant, John Nutile, the plaintiff's motion that the judgment of nonsuit be set aside is granted.