Jorge González Comulada, demandante y apelante, *v.* Compañía Agrícola de Puerto Rico, demandada y apelada.

Número 10553.

*Sometido:* 16 de octubre de 1953. *Resuelto:* 22 de abril de 1954.

---

*Guillermo Bauzá,* abogado del apelante; *Manuel Cruz Horta,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En esta reclamación de daños y perjuicios que se alega sufrió el demandante en virtud de un accidente o choque entre dos vehículos, ocurrido en la Parada 31, en la Avenida Ponce de León, en Hato Rey, la antigua Corte de Distrito de San Juan dictó sentencia declarando sin lugar la demanda, a base de su conclusión de hecho al efecto de que en los momentos del accidente el conductor del vehículo perteneciente a la demandada, Compañía Agrícola de Puerto Rico, no actuaba dentro del ámbito de las funciones de su empleo ya que, según concluyó el tribunal a quo, tal conductor, en violación expresa de órdenes específicas recibidas de su patrono, se encontraba,

al ocurrir el accidente, manejando el vehículo en un sitio y hora no autorizados por el patrono. El demandante ha apelado ante este Tribunal y como único error señalado alega que "el tribunal inferior cometió error al concluir que Ariel Rondón Rosa no actuaba bajo órdenes expresas o tácitas de su principal, la demandada".

La parte demandada presentó prueba al efecto de que el día del accidente, o sea el 2 de abril de 1948, a las 4:00 P. M., el supervisor inmediato de Ariel Rondón Rosa, conductor del vehículo en cuestión, cuyo supervisor era a su vez agente de la demandada Compañía Agrícola, le dió órdenes específicas a Rondón para que llevase el vehículo a un garage en Bayamón, desde las oficinas de la Compañía Agrícola en la Parada 17 en Santurce, y que el accidente ocurrió entre 1:30 y 1:45 de la madrugada del día 3 de abril de 1948. Esa prueba fué creída por el tribunal de San Juan.

El error señalado por el demandante apelante guarda relación con la apreciación que de la prueba hizo el tribunal a quo. Hemos examinado la transcripción de evidencia y hemos llegado a la conclusión de que las conclusiones de hecho formuladas por el tribunal sentenciador estuvieron basadas en la prueba presentada y no son claramente erróneas, considerando especialmente la oportunidad que tuvo el tribunal sentenciador para juzgar en cuanto a la credibilidad de los testigos.

Surge un problema en este caso, en cuanto a la suficiencia de la prueba presentada por la demandada, para demostrar que, al ocurrir el accidente, el conductor no actuaba dentro de las funciones, límites y atribuciones de su empleo, rebatiendo así la presunción de que el conductor, como agente de la demandada, actuaba en ese momento dentro de los contornos y fronteras de su agencia (Cf. *Morales* v. *Delia Mejías Inc.*, 63 D.P.R. 700, y los casos de *Acosta* v. *Crespo*, 70 D.P.R. 239, 248 y *Graniela* v. *Yolande Inc.* 65 D.P.R. 107, 111, al efecto de que esa presunción puede ser controvertida mediante prueba).

El hecho en sí, aislado e independiente, de que el conductor, al causar el accidente, estuviese desobedeciendo órdenes específicas de su patrono, o estuviese actuando en una forma expresamente prohibida por el patrono, no exonera a este último de responsabilidad (2 Am. Jur. 279, sec. 360). En *Restatement, Agency*, pág. 514, sec. 230, se dice lo siguiente:

"Actos prohibidos. Una actuación, aunque haya sido prohibida o haya sido hecha en una forma prohibida, puede haber sido realizada dentro de las funciones del empleo.

"Actos específicamente prohibidos. Un patrono no puede evadir responsabilidad por la negligencia de un agente mediante el procedimiento de decirle que actúe en forma cuidadosa. No puede limitar al agente a la libra de carne e indicarle que no derrame sangre. . . . . . Un patrono no puede instruir a un agente a llevar a cabo determinado resultado y al mismo tiempo anticipar que el agente siempre usará los métodos expresamente autorizados, y no puede anticipar que el agente se abstendrá de llevar a cabo aquellas actuaciones que, naturalmente, se espera que él pueda realizar."

Naturalmente, el hecho de que cierta actuación haya sido prohibida, aunque no es un factor exclusivamente determinante, puede ser un factor relevante en la comprobación de si el acto del agente es incidental al empleo (*Restatement, Agency*, pág. 515). Lo esencial, a los fines de investigar si cierta actuación se ha realizado dentro de los límites del mandato, es determinar si, al llevarse a cabo tal actuación, o al ocurrir el accidente, el agente tenía el propósito de servir y proteger los intereses de su patrono, y no con la intención de servir los propios propósitos del agente, y si la actuación es incidental al cumplimiento de las actuaciones autorizadas, esto es, si existe una conexión razonable y pertinente entre el acto del agente y los intereses del patrono y si el acto del agente tiende razonablemente a imprimirle efectividad al objetivo final del patrono (*Restatement, Agency*, págs. 510, 526, 527). A tono con ese criterio, si el accidente ocurre en un

sitio que esté irrazonablemente desconectado o distante del área o sitio autorizado de servicio, o si la conducta del agente se materializó en un período de tiempo desconectado irrazonablemente del período de tiempo autorizado, o a una hora que represente ser una desviación sustancial de la hora autorizada de servicio, entonces el agente no estaría actuando dentro de las funciones de su empleo, y el patrono no sería responsable (*Restatement, Agency,* secs. 233, 234, págs. 520 y 524).

Aplicando las normas señaladas al caso de autos, el período de tiempo de servicio del conductor del vehículo de la demandada terminaba a las 4:00 P. M., del día 2 de abril de 1948, y, además, el período de tiempo razonablemente requerido para llevar el vehículo a un garage en Bayamón. El accidente ocurrió en Hato Rey, al día siguiente, entre 1:30 y 1:45 de la madrugada del día 3 de abril de 1948, esto es, aproximadamente de nueve a diez horas después del período de tiempo relevante al servicio del agente, en un sitio y hora irrazonablemente desconectados de la función permisible de conducir el vehículo a Bayamón. Hubo una desviación sustancial en el tiempo y en el espacio en cuanto al ámbito de la agencia requerida. Por lo tanto, el conductor del vehículo de la demandada no estaba actuando dentro de las funciones de su empleo al ocurrir el accidente.

Es aplicable al caso de autos el de *Acosta* v. *Crespo,* supra. En ese caso se resolvió que "el dueño de un automóvil no es responsable por daños ocasionados por la negligencia de un chófer empleado suyo si se establece mediante prueba que mientras manejaba el vehículo el chófer se apartó del trabajo para realizar algún propósito ajeno a los deberes de su empleo", y que si el tribunal inferior hubiese creído prueba al efecto de que el chófer, de un automóvil de servicio público, al ocurrir el accidente no llevaba pasajeros mediante paga y no iba en gestiones de su empleo, sino más bien acompañado de tres amigos en una gestión particular, entonces ni la compañía aseguradora ni el patrono serían responsables.

En el caso de *Metro Taxicabs, Inc.*, v. *Tesorero*, 73 D.P.R. 171, se trataba de un procedimiento de confiscación de un vehículo en virtud de una alegada violación de la Ley de Espíritus y Bebidas Alcohólicas. El conductor de un vehículo de la demandante terminaba sus labores a las 6:00 A. M. de cierto día. Aproximadamente a esa hora el conductor no entregó el vehículo pero lo condujo a Bayamón con un amigo. El amigo entonces se llevó el vehículo a un barrio de Bayamón y allí obtuvo varias latas de ron y las introdujo en el vehículo, y poco después unos agentes de Rentas Internas ocuparon el ron y el vehículo. Amparándose en el caso de *General Motors Acceptance* v. *Brañuela*, 61 D.P.R. 725, este Tribunal resolvió que procedía la confiscación del vehículo no obstante el hecho de que la demandante no había autorizado el uso que se le había dado al vehículo y no obstante la inocencia personal del patrono. El vehículo era confiscable aunque el conductor no había actuado dentro de los límites y funciones de su empleo. No es aplicable al de autos el caso citado de *Metro Taxicabs, Inc.* Allí se trataba de un procedimiento "in rem" contra el propio vehículo, y no se trataba de una acción personal contra el patrono. La responsabilidad recaía sobre el vehículo y no sobre su dueño personalmente, y, por lo tanto, no era relevante si el conductor actuaba o no actuaba dentro de las funciones de su empleo, considerando especialmente que la responsabilidad quedaba definida exclusivamente por los términos específicos de un estatuto, que no requería que el agente actuase dentro del ámbito de su autorización (30 Am. Jur. 547, sec. 563, pág. 545, sec. 561; *United States* v. *Mincey*, 254 Fed. 287; anotación en 5 A.L.R. 213). En casos como el de autos, en que no se actúa contra el vehículo sino contra el dueño, la responsabilidad personal del dueño debe establecerse mediante una demostración de que el conductor ha actuado dentro de las funciones de su empleo y dentro de los límites de su mandato.

*Debe confirmarse la sentencia apelada.*