*977 TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nos las codemandadas-peticionarias, Puerto Rico Telephone Company y American International Insurance Company of Puerto Rico, y nos solicitan la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala de Carolina (Hon. Etienne Badillo Anazagasty, Juez), dictada el 10 de octubre de 2002, notificada y archivada en autos el 22 de octubre de 2002. Mediante dicha Resolución, el Tribunal de Primera Instancia declaró No Ha Lugar las Mociones de Desestimación presentadas por las codemandadas-peticionarias, Puerto Rico Telephone Company (PRTC) y Browning-Ferris Industries of Puerto Rico, Inc.
Luego de estudiados los hechos y el derecho aplicable, se expide el recurso de certiorari, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de los procedimientos cónsono con lo aquí dispuesto.
I
El 1 de mayo de 2001, la parte demandante-recurrida, Juan D. Ventura González e Iris M. Hernández Soto y la Sociedad Legal de Gananciales compuesta por ambos, presentaron ante el Tribunal de Primera Instancia, Sala de Carolina, demanda en daños y perjuicios contra PRTC, Autoridad de Energía Eléctrica (AEE), Browing-Ferris Industries of Puerto Rico, Inc., John Doe, Richard Doe y las Compañías de Seguros A, B, C, D *978 y F. En su demanda alegaron lo siguiente:

“14. Allá para el día 28 de agosto de 2000 en el Barrio Canovanillas en Carolina en el sector “Cambute”, en la inmediación de la carretera 857, kilómetro 3.0, ocurrió un accidente cuando un camión recolector de desperdicios sólidos propiedad del co-demandado Browing Ferris Industries, en el proceso de retroceder se enredó con su parte superior con unos cables de teléfonos propiedad de la co-demandada Puerto Rico Telephone Co., dando lugar a que el poste de madera sobre el cual.estaban colocados todos los cables de la Puerto Rico Telephone Co., y así como el tendido eléctrico de la Autoridad de Energía Eléctrica, se viniera abajo, cayendo contra el pavimento y frente a la residencia de los demandantes.

15. La co-demandante Iris M. Hernández Soto, ama de casa, que al momento contaba con 39 años de edad, se encontraba realizando tareas propias de su hogar, el que está ubicado justo al frente donde estaba colocado el poste de madera que se vino abajo, con toda la cableria eléctrica y de teléfono. La co-demandante Iris M. Hernández Soto estaba al frente de su residencia cuando de repente, al ella dirigirse a depositar la basura, se percató de que el poste iba para encima de ella con todo el tendido eléctrico, por lo que trató de buscar refugio corriendo hacia su residencia, pero en el intento de escapar cayó al piso y a su alrededor vio chispetazos de corriente eléctrica; escuchó un fuerte impacto quedando en “shock” bajo el temor de morir electrocutada. Al caer contra el piso, ella sufrió raspaduras, hematomas y golpes en varias partes del cuerpo. Ella se arrastró llorosa e histérica hasta la entrada de la marquesina de su residencia donde fue de inmediato auxiliado [sic] por su esposo, el co-demandante Juan D. Ventura González, quien arriesgó su vida para tratar de salvar a su amada esposa, poniéndola a salvo de morir electrocutada. ”

(Ap. Certiorari, alas págs. 11-12).
El 22 de mayo de 2001, la parte aquí demandante-recurrida presentó ante el foro de primera instancia una Moción de Desistimiento sin Perjuicio. Aunque el desistimiento solicitado por la parte demandante-recurrida fue al amparo de la Regla 39.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 39.1(a), la cual no requiere que el tribunal emita una orden al efecto, el 5 de junio de 2001, el Tribunal de Primera Instancia declaró Con Lugar la misma y ordenó el archivo sin perjuicio por desistimiento voluntario de la causa de acción.
Posteriormente, el 3 de junio de 2002, la parte demandante-recurrida presentó ante el Tribunal de Primera Instancia nuevamente su causa de acción. El 4 de junio de 2002, la parte codemandada-recurrida, Browning-Ferris Industries of Puerto Rico, Inc., presentó ante el foro de primera instancia Moción de Desestimación. Browning-Ferris Industries of Puerto Rico, Inc., parte codemandada-recurrida, argumentó en su moción de desestimación que la reclamación de la parte demandante-recurrida estaba prescrita, ya que había transcurrido más de un (1) año, término dispuesto por ley para reclamar este tipo de acción, desde la presentación del desistimiento voluntario el 22 de mayo de 2001 en el caso Civil Núm. FDP2001-0270 hasta la segunda presentación nuevamente de la demanda el 3 de junio de 2002. El 19 de julio de 2002, PRTC, parte codemandada-peticionaria, también presentó Moción Solicitando Desestimación. En la misma alegó lo siguiente: “Si bien es cierto que la parte demandante interrumpió el término prescriptivo de un año cuando radicó la acción el 1 de mayo de 2001, el nuevo término prescriptivo comenzó a transcurrir a partir del 22 de mayo de 2001 cuando desistió sin perjuicio del caso y; por ende, prescribió el término de un año el 22 de mayo de 2002. En vista de lo anterior, la demanda radicada el 3 de junio de 2002 está prescrita.” (Ap'. Certiorari, a lapág. 8.)
Así las cosas, el 16 de julio de 2002, la parte demandante-recurrida presentó demanda enmendada a los efectos de incluir en la misma las acciones de sus hijos menores de edad Jonathan y Jason, ambos de apellidos Ventura Hernández.
El 31 de julio de 2002, Browning-Ferris Industries of Puerto Rico, Inc., parte codemandada-peticionaria, *979 presentó Moción Reiterando Solicitud de Desestimación. El 6 de agosto de 2002, PRTC, parte codemandada-peticionaria, presentó su escrito de Contestación a Demanda Enmendada. Para el 10 y 12 de septiembre de 2002, respectivamente, Browning-Ferris Industries of Puerto Rico, Inc., y AEE presentaron su contestación a la demanda enmendada.
El 23 de septiembre de 2002, la parte demandante-recurrida presentó Oposición a Moción de Desestimación. Mediante dicha moción alegó lo siguiente:
[[Image here]]

13. A simple vista da la impresión que el caso estaría prescrito si partimos de la premisa de que a partir de la fecha en que se presentó la Moción de Desistimiento es que se debe computar el plazo prescriptivo, ya es obvio que transcurrió en exceso de un año entre 22 de mayo de 2001, fecha en que se desistió sin perjuicio, hasta la fecha en que radica la segunda acción que resulta ser el 3 de junio de 2002, pero no es así. Luego de radicada la Moción de Desistimiento Sin Perjuicio, la codemandada Puerto Rico Telephone Co. se comunicó con la representación legal que suscribe por medio de sus representantes mediante una comunicación escrita de fecha 29 de mayo de 2001 y en la cual solicitaban de nuestro cliente, una serie de datos y demás información relacionada con su reclamación..

14. Dicha comunicación fue contestada por la parte demandante mediante una carta de fecha 18 de junio de 2001. Hubo un segundo acercamiento por parte de los representantes de la Puerto Rico Telephone Co., el 19 de junio de 2001, y en esta ocasión se nos solicitó una copia del Informe rendido por la Policía de Puerto Rico en torno al accidente que dio origen al pleito. En ambas instancias se le informó al representante de la Puerto Rico Telephone Co. de la intención de nuestro representado de volver a incoar su demanda indicándole que ello se llevaría a cabo tan pronto tuviésemos más información sobre la condición de nuestra representada quien no había sido dada de alta por su médico.

15. Siendo ello así, no es correcta la aseveración de la Puerto Rico Telephone, Co. en el sentido de que el caso está prescrito en cuanto a los codemandantes, Juan D. Ventura Gonzáles, su esposa Iris M. Hernández Soto y su sociedad legal de gananciales, ya que es obvio que dicha demandada conocía bien la intención de los demandantes. Así se desprende del Informe de Investigación redactado por el representante de la firma de ajustadores Acosta Adjustment, Sr. Rubén Soto del 12 de julio de 2001, en el cual entre otras cosas a dicha fecha se indica que la parte demandante “está exigiendo el pago de una indemnización de $205,000.00” e indica además que “el desistimiento de la parte demandante podría ser una estrategia legal del abogado que suscribe para traerlos nuevamente al pleito una vez descubriese prueba adicional. ”

[[Image here]]
(Ap. Certiorari, a las págs. 47-48.)
El 4 de octubre de 2002, PRTC, parte codemandada-peticionaria, radicó Réplica a Oposición a Moción de Desestimación. Finalmente el 10 de octubre de 2002, el Tribunal de Primera Instancia emitió una Resolución en la que declaró No Ha Lugar las mociones de desestimación presentadas por PRTC y Browning-Ferris Industries of Puerto Rico, Inc. El 29 de octubre de 2002, PRTC presentó ante el Tribunal de Primera Instancia Moción Solicitando Reconsideración. Luego el 2 de noviembre de 2002, Browning-Ferris Industries, Inc., parte codemandada-peticionaria, presentó Moción de Reconsideración. El 6 de noviembre de 2002, el Tribunal de Primera Instancia emitió una Orden en la cual ratificó su No Ha lugar a las mociones de desestimación presentadas por Browning-Ferries Industries of Puerto Rico, Inc. y PRTC tomando como fundamentos los argumentos esbozados por la parte demandante-recurrida en su escrito en Oposición a Moción de Desestimación. American International Insurance Company of Puerto Rico y PRTC, inconformes con dicha *980 determinación, presentaron ante nos el 21 dé noviembre de 2002 recurso de certiorari. Mediante dicho recurso de certiorari, las codemandadas-peticionarias alegan que erró el Tribunal de Primera Instancia al declarar JSEo Ha Lugar la Moción Solicitando Desestimación presentada por la codemandada-peticionaria PRTC.
El 5 de diciembre de 2002, este Tribunal de Circuito de Apelaciones emitió una Resolución en la que le concedió a la parte demandante-recurrida que en el término de veinte (20) días expusiera su posición respecto al recurso de certiorari. El 20 de diciembre de 2002, compareció ante nos Browning-Ferries Industries of Puerto Rico, Inc., mediante Moción Informativa y Adoptando por Referencia las-Aseveraciones Vertidas y Apéndices Presentados por la Puerto Rico Telephone Company. El 21 de enero de 2003, la parte demandante-recurrida compareció ante nos mediante Moción en Cumplimiento de Orden y de Oposición a Certiorari. El 24 de enero de 2003, Browning-Ferris Industries of Puerto Rico, Inc. presentó Moción Solicitando Orden y Expedición del Recurso. Browning-Ferris Industries of Puerto Rico, .Inc., mediante dicha moción, nos solicitó que se expidiera una orden a los efectos de que se paralizaran los procedimientos ante el Tribunal de Primera Instancia.
El 27 de enero de 2003, este Tribunal de Circuito de Apelaciones emitió una Resolución mediante la cual, dispuso que a los fines de disponer del presente recurso a la mayor brevedad posible, PRTC y American International Insurance Company, partes codemandadas-peticionarias, certificaran en el término de cinco (5) días haber enviado copia fiel y exacta del presente recurso de certiorari al Tribunal de Primera Instancia dentro del término de cuarenta y ocho (48) horas de haber sido radicado el mismo ante nos. El 29 de enero de 2003, Puerto Rico Telephone Company y Amertican International Insurance Company, partes codemandadas-peticionarias, acreditaron mediante -Moción en Cumplimiento de Orden el haber notificado el recurso al Tribunal de Primera Instancia dentro del término reglamentario de cuarenta y ocho (48) horas.
Con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.
II
A. Las acciones en daños y perjuicios
Las obligaciones que se deriven de actos u omisiones culposos o negligentes no penados por ley, se reglamentarán por la disposición del Artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141. Este artículo establece que “el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. ” Id.; Valle Izquierdo v. E.L.A., Opinión de 14 de mayo de 2002, 2002 J.T.S. 70, a la pág. 1139.
Daño es todo aquel menoscabo material o moral que sufre una persona, ya en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otras. García Pagán v. Shiley Caribbean, 122 D.P.R. 193, 205-206 (1988). El Artículo 1802 de nuestro Código Civil, supra, enuncia la norma genérica que prohíbe causar daño a otro mediante conducta activa o pasiva. Soc. Gananciales v. González Padín Co., Inc., 117 D.P.R. 94, 105 (1986).
El Código Civil dispone en su Artículo 1802, supra, que se puede imponer responsabilidad por daños y perjuicios si se demuestra la concurrencia de los tres elementos que definen esta causa de acción: 1) que ha habido una acción u omisión de una parte; 2) que ha mediado negligencia; y 3) que existe un nexo causal entre la acción u omisión de la parte y el daño sufrido. Véase además: Vélez Rodríguez v. Amaro Cora, 138 D.P.R. 182, 189 (1995); Miranda v. E.L.A., 137 D.P.R. 700, 707 (1994); J.A.D.M. v. Centro Comercial, 132 D.P.R. 785, 794 (1993); Arroyo López v. E.L.A., 126 D.P.R. 682, 687 (1990); Soc. de Gananciales v. G. Padín Co., Inc., 117 D.P.R. 94, 106 (1986); Jiménez v. Pelegrina Espinet, 112 D.P.R. 700, 704-706 (1982).
La culpa o negligencia es la falta del debido cuidado, que consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en *981 las mismas circunstancias. Toro Aponte v. E.L.A., 142 D.P.R. 464, 473 (1997).
En nuestro ordenamiento jurídico opera la doctrina de la causalidad adecuada. Por lo tanto, un daño parece ser el resultado natural y probable de un acto negligente, si después de ocurrido el suceso y mirando retroactivamente el acto que se alega ser negligente, tal daño aparece como la consecuencia razonable y ordinaria del acto. Montalvo v. Cruz, 144 D.P.R. 748, 756-757 (1998). Para poder determinar si la negligencia de un demandado fue la causa eficiente de unos daños, habrá que determinar si dicha actuación fue la causa razonable y ordinaria del acto, es decir, si ese acto u omisión regularmente produce ese mismo daño. Arroyo López v. E.L.A., supra. Esta normativa ha sido fundamentalmente desarrollada con el propósito de limitar la responsabilidad civil a aquellos casos en que la ocurrencia de un daño es imputable moralmente a su alegado autor, porque el daño era una consecuencia previsible o voluntaria del acto negligente. Soto Cabral v. E.L.A., 138 D.P.R. 298, 317 (1995).
Un elemento esencial de la responsabilidad por culpa o negligencia es el factor de la previsibilidad y el riesgo presente en las circunstancias particulares de cada caso. El grado de previsibilidad requerido en cada caso dependerá del estándar de conducta aplicable. Vda. de Andino v. A.F.F., 93 D.P.R 170, 180-181 (1966); Rivera Matos v. Amador, 86 D.P.R. 856, 859 (1962); Baralt et. al. v. E.L.A., 83 D.P.R. 277, 284 (1961). De acuerdo con esta doctrina, el deber de cuidado exigido es el que emplearía la figura de la persona prudente y razonable, conocido como el buen padre o madre de familia. Este deber de cuidado incluye prever las consecuencias al igual que evitar la ocurrencia de los daños cuya probabilidad es razonablemente previsible. Elba A.B.M. v. U.P.R., 125 D.P.R. 294, 309 (1990). Este deber de previsibilidad no quiere decir que la persona está obligada a anticipar todos los posibles riesgos que sean concebibles en una determinada situación, pues prácticamente se convertiría entonces en una responsabilidad absoluta. Pacheco v. A.A.A., 112 D.R.P. 296, 300 (1982).
B. La figura de la prescripción en los casos de daños y perjuicios
El Tribunal Supremo de Puerto Rico ha establecido que bajo nuestro sistema de derecho, la figura de la prescripción es materia de derecho sustantivo, regida por las disposiciones del Código Civil. Maldonado Vega v. Russe Santiago, 2001 J.T.S. 17, Opinión de 8 de febrero de 2001, a la pág. 834; Vega v. J. Pérez & Cía., Inc., 135 D.P.R. 746, 753 (1994); García Aponte et. al. v. E.L.A. et. al., 135 D.P.R. 137, 142 (1994). La prescripción constituye una forma de extinción de un derecho debido a la inercia en ejercerlo durante un tiempo determinado. Santiago Rivera v. Ríos Alonso, Opinión de 7 de febrero de 2002, 2002 J.T.S. 21, a la pág. 714; Galib Frangie v. El Vocero, 138 D.P.R. 560, 566 (1995).
El propósito de la institución de la prescripción es castigar la inercia en el ejercicio de los derechos y asegurar así el tráfico jurídico, al evitar litigios difíciles de adjudicar por la antigüedad de sus reclamaciones. Padín Espinosa v. Compañía de Fomento Industrial de P.R., Opinión de 25 de febrero de 2000, 2000 J.T.S. 44, a la pág. 759; Zambrana Maldonado v. E.L.A., 129 D.P.R. 740, 751 (1992); De Jesús v. Chardón, 116 D.P.R. 238, 243 (1985). En Santiago Rivera v. Ríos Alonso, supra, citando a Colón Prieto v. Géigel, 115 D.P.R. 232, 243 (1984), el Tribunal Supremo expresó respecto a la prescripción extintiva que:
“La institución de la prescripción extintiva aspira a asegurar la estabilidad de la propiedad y la certidumbre de los demás derechos. Su innegable necesidad y valor corresponden a una presunción legal de abandono, derivado del hecho del transcurso de un tiempo determinado sin reclamar un derecho. Sin embargo, ninguno a los intereses que responde es absoluto -de un lado salvaguardar un derecho, y del otro, darle carácter definido a la incertidumbre de una posible reclamación — , sino que deben ser aquilatados en su justa proyección. ” (Citas Omitidas)
El Artículo 1861 del Código Civil, 31 L.P.R.A. see. 5291, establece que las acciones prescriben por el mero lapso del tiempo fijado por la ley. Una vez transcurre el período de tiempo establecido por ley, sin que el titular *982 del derecho lo reclame, surge una presunción legal de abandono. Galib Frangie v. El Vocero de P.R., supra; Zambrana Maldonado v. E.L.A., supra, a la pág. 752.
En reiteradas ocasiones se ha señalado que el acto interruptivo representa la manifestación inequívoca de una voluntad contraria al mantenimiento de la situación inerte manifestada ésta con anterioridad a que el plazo de deliberación se agote. Sánchez Montalvo v. Autoridad de Puertos y American Airlines, 2001 J.T.S. 34, Opinión de 7 de marzo de 2001, a la pág. 966; García Aponte et. al. v. E.L.A. et. al., supra, a la pág. 143; Zambrana v. E.L.A., supra, a la pág. 751;
El Artículo 1873 del Código Civil, 31 L.P.R.A. see. 5303, establece tres formas en las cuales se puede interrumpir la prescripción de las acciones: (1) el ejercicio de la acción ante el tribunal, (2) la reclamación extrajudicial por el acreedor, y (3) cualquier acto de reconocimiento de deuda por el deudor.
El efecto que tienen los mecanismos de interrupción es que el plazo de prescripción debe volver a computarse por entero desde el momento que se produce el acto que interrumpe. Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra; Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 474-475 (1980).
En cuanto a la interrupción de la prescripción mediante reclamación extrajudicial, ésta se refiere a la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo. Cintrón v. E.L.A., 127 D.P.R. 582, 590 (1990); De Jesús v. Chardón, 116 D.P.R. 238, 246-247 (1985); Feliciano v. A.A.A., 93 D.P.R. 655, 660 (1966). La reclamación extrajudicial sirve varios propósitos fundamentales, siendo los principales: interrumpir el transcurso del término prescriptivo de las acciones; fomentar las transacciones extrajudiciales; y notificar, a grandes rasgos, la naturaleza de la reclamación. Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra.
Son varios los requisitos con los cuales debe cumplir una reclamación extrajudicial para que la misma constituya una interrupción de la prescripción. Estos son: a) la oportunidad o tempestividad, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo; b) la legitimación, según la cual el ejercicio corresponde al titular del derecho o de la acción; c) la identidad, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción, y d) la idoneidad del medio utilizado. Galib Frangie v. El Vocero de P.R., supra, a la pág. 567.
En cuanto al requisito de la legitimación del reclamante, el mismo se extiende no sólo a que sea el mismo reclamante, titular del derecho, el que ejercite personalmente la reclamación, sino que la misma se extiende al representante voluntario o legal del titular quien también puede formular la reclamación a nombre de éste e interrumpir así la prescripción. Véase: Srio. del Trabajo v. F.H. Co., Inc., 116 D.P.R. 823, 827 (1986). Respecto al elemento de identidad, el mismo ha sido definido como una “auténtica exigencia de la efectividad de la deuda. ” Galib Frangie v. El Vocero de P.R., supra, a la pág. 568.
Se he señalado que si la notificación que el demandante cursó al demandado, aquél se limitó meramente a ofrecer información, entonces el término prescriptivo no quedó interrumpido, ya que la mera información no tiene el efecto de ser una manifestación inequívoca de perder su derecho. Zambrana Maldonado, supra, a la pág. 751; Feliciano v. A.A.A., 93 D.P.R. 655, 660 (1966).
También se ha establecido que: “no hay relación limitativa hecha por la ley sobre qué actos son los que se incluyen en esta causa interruptiva, admitiendo como tales todos aquéllos en que la voluntad del acreedor quede patente. ” Galib Frangie v. El Vocero de P. R., supra, a la pág. 568; Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra. Por lo tanto, la reclamación extrajudicial puede plasmarse a través de distintos actos, pero todos ellos han de cumplir con los requisitos genéricos de oportunidad, identidad, *983 legitimación e idoneidad. Galib Frangie v. El Vocero de P. R., supra.
Respecto a la forma en que se tiene que hacer la reclamación, la ley no exige ninguna forma especial. Galib Frangie v. El Vocero de P.R., supra, a la pág. 568; Zambrana Maldonado v. E.L.A., supra, a la pág. 752. Al respecto se ha señalado en el caso de Zambrana Maldonado v. E.L.A., supra, citando a Díez-Picazo que:

“La ley no exige, en este punto, ninguna forma especial y donde la ley no distingue, tampoco debemos nosotros distinguir. En cualquier forma que sea hecha la reclamación, posee valor interruptivo. ...En todo caso, se podrá plantear un problema de prueba -de la existencia de la reclamación y de su fecha-, pero no un problema deforma. ”

También se ha establecido que no se puede aceptar que memorandos o correspondencia interna entre un ajustador de seguros y la compañía aseguradora a la que representa, o entre éstos y el asegurado, con respecto a un determinado accidente y su evaluación, constituya reconocimiento de deuda a los fines del Artículo 1873 del Código Civil, supra. Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471, 481-482 (19980).
El Artículo 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. -exigir responsabilidad civil por las obligaciones extracontractuales derivadas de la culpa o negligencia-, prescriben por el transcurso de un (1) año. Este término comenzará a decursar desde el momento que lo supo el agraviado. Esto implica saber que se ha sufrido un daño y quién lo causó. Sánchez Montalvo v. Autoridad de Puertos y American Airlines, supra; Riley v. Rodríguez Pacheco, 119 D.P.R. 762, 775-776 (1987); Rivera Encarnación v. E.L.A., 113 D.P.R. 383, 385 (1982).
m
American International Insurance Company of Puerto Rico y PRTC, partes codemandadas-peticionarias, alegan que erró el Tribunal de Primera Instancia al declarar No Ha Lugar las mociones de desestimación por habían presentado. No les asiste la razón. Veamos.
Las codemandadas-peticionarias, American International Insurance Company of Puerto Rico y PRTC, plantean que la causa de acción presentada por la parte demandante-recurrida está prescrita debido a que ha transcurrido más de un año desde el 22 de mayo de 2001, fecha en que la parte demandante-recurrida le solicitó al Tribunal de Primera Instancia el desistimiento sin pequicio de su causa de acción, hasta el 3 de junio de 2002, fecha en que se presentó la causa de acción por segunda ocasión. En el caso de autos, no hay duda de que el término prescriptivo de un año dispuesto por ley para las acciones en daños y perjuicios comenzó nuevamente a cursar el 22 de mayo de 2001, fecha en que la parte demandante-recurrida presentó moción de desistimiento al amparo de la Regla 39.1(a) de Procedimiento Civil, supra. Véase: García Aponte v. E.L.A., 135 D.P.R. 137, 145 (1994); Silva Wiscovich v. Weber Dental Mfg. Co., 119 D.P.R. 550, 564 (1987). Por ello, si éste fuera el punto de partida para computar el término prescriptivo, habría que concluir que la causa de acción está prescrita, por haber transcurrido el plazo de un año dispuesto por el Artículo 1868 del Código Civil, supra.
Sin embargo, la demandante-recurrida alegó en su Oposición a Moción de Desistimiento que hubo entre ella y las partes aquí codemandadas-peticionarias comunicaciones extrajudiciales y reconocimientos de deuda que tuvieron el efecto de interrumpir el término prescriptivo. En específico, la parte demandante-recurrida sostiene que hubo cuatro (4) comunicaciones en específico: la primera comunicación es una carta enviada por los ajustadores independientes de la PRTC, Acosta Adjustment, Inc., a la representación legal de la parte demandante-recurrida el 29 de mayo de 2001; la segunda comunicación es una carta fecha de 18 de junio de 2001 suscrita por la parte demandante-recurrida a los ajustadores de la PRTC; la tercera comunicación es una nota enviada vía facsímil fechada de 19 de junio de 2001 en la que se envía adjunto informe de accidente, y la cuarta comunicación que alegan interrumpió el término prescriptivo, es el informe de investigación de Acosta Adjustment, Inc. fechada el 12 de julio de 2001. Según surge del análisis del expediente ante nuestra *984 consideración y de los documentos que alegadamente tuvieron el efecto de interrumpir el término prescriptivo, no se puede concluir que los mismos interrumpieron el término prescriptivo, ya que los mismos se limitaban a ofrecer información y eran comunicación intema entre la compañía aseguradora, se asegurado y la persona peijudicada.
No obstante lo anteriormente expuesto, la parte demandante-recurrida alega que las comunicaciones anteriormente descritas generaron conversaciones telefónicas extrajudiciales en las que alegadamente se le informó a la representación legal de la parte codemandada-peticionaria, PRTC, su intención de volver a presentar su causa de acción ante los tribunales. Ante estas circunstancias y alegaciones era imperativo que el Tribunal de Primera Instancia celebrara una vista evidenciaría en la cual la parte demandante-recurrida pudiera ofrecer prueba al respecto y la parte demandada-peticionaria tuviera la oportunidad de controvertir la misma. No existiendo una forma específica mediante la cual se tiene que hacer la reclamación extrajudicial, la misma lo que plantea es un problema de prueba y no de forma. Véase: Galib Frangie v. El Vocero de P.R., supra, a la pág. 568; Zambrana Maldonado v. E.L.A., supra, a la pág. 752.
Cónsono con lo anteriormente expuesto, es forzoso concluir que erró el Tribunal de Primera Instancia al declarar No Ha Lugar las mociones de desestimación presentadas por American International Insurance Company of Puerto Rico y PRTC, ya que de la prueba que obra en autos no se puede llegar concluir certeramente que en efecto la causa de acción no está prescrita y para la cual es necesario la celebración de una vista evidenciaría a esos efectos.
IV
Por los fundamentos anteriormente expuestos, se expide el auto de certiorari, se revoca la resolución recurrida y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaría a los efectos de determinar si la causa de acción está prescrita.
Notifíquese inmediatamente por vía ordinaria.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulau Secretaria General